UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL HOLLEY,

    Plaintiff,

v.

KEVIN CHAPPELL, et al.,

    Defendants.

Case No. 14-cv-2616 VC (PR)

**ORDER DENYING MOTION FOR EXTENSION OF TIME AND ADMINISTRATIVELY CLOSING ACTION**

Doc. no. 10

On June 6, 2014, Joel Holley, a California state prisoner incarcerated at San Quentin State Prison, filed a letter addressed to Judge Thelton Henderson complaining of civil rights violations by officials employed at San Quentin. The Clerk of the Court construed this as an attempt to file a civil rights complaint, opened it as a civil rights case and notified Holley that he must file a complaint on the official court civil rights complaint form and file an application to proceed *in forma pauperis* ("IFP"). The Clerk's notice informed Holley that, if the required documents were not filed within twenty-eight days of the date of the notice, his case would be dismissed for failure to prosecute.

On June 20, 2014, Holley filed a second letter to Judge Henderson in which he stated that he had not exhausted his internal administrative remedies for his claims. On June 23, 2014, Holley sent a letter to the Clerk of the Court stating that he did not intend to file a civil action until he had exhausted his remedies within the prison and he was still awaiting a response at the second level of review. On June 25, 2014, Holley filed a motion for an extension of time to comply with the Clerk's notice to file an IFP application and a complaint. He reiterated that his prison appeal is pending at the second level of review.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

1  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
2  Exhaustion is mandatory and no longer left to the discretion of the district court.  *Woodford v.*
3  *Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  Failure to
4  exhaust is an affirmative defense under the PLRA.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).
5  However, a claim may be dismissed *sua sponte* if it is clear from the record that the prisoner has
6  conceded that he did not exhaust administrative remedies and no exception to exhaustion applies.
7  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir 2009), *overruled on other grounds by Albino v.*
8  *Baca*, 747 F.3d 1162 (9th Cir. 2014).

9  Here, Holley has stated that he did not intend to file a civil rights complaint until he
10 exhausted his internal administrative remedies and he is still waiting for a response from the
11 second level of prison review.  Therefore, the Clerk opened this action in error and it shall be
12 administratively closed.  His motion for an extension of time is denied as moot.

13 Based on the foregoing, the Court orders as follows:

14 1. The Clerk of the Court shall administratively close this case which was opened in error.

15 2. The Clerk of the Court shall not charge a filing fee for this case.

16 3. Holley's motion for an extension of time is denied as moot.  Doc. no. 10.

17 **IT IS SO ORDERED.**

18 Dated:   July 3, 2014

              _____
              VINCE CHHABRIA
              United States District Judge

2